1  Michele R. Stafford, Esq. (SBN 172509)
   Erica J. Russell, Esq. (SBN 274494)
2  SALTZMAN & JOHNSON LAW CORPORATION
   44 Montgomery Street, Suite 2110
3  San Francisco, California  94104
   Telephone: (415) 882-7900
4  Facsimile: (415) 882-9287
   Email: mstafford@sjlawcorp.com
5  Email: erussell@sjlawcorp.com

6  Attorneys for Plaintiffs, Operating Engineers'
   Health And Welfare Trust Fund for Utah, et al.
7

8                          UNITED STATES DISTRICT COURT

9                          NORTHERN DISTRICT OF CALIFORNIA

10

11 | OPERATING ENGINEERS' HEALTH AND         | Case No.
   | WELFARE TRUST FUND FOR UTAH;
12 |                                          | **COMPLAINT**
   | OPERATING ENGINEERS PENSION TRUST
13 | FUND;
   |
14 | PENSIONED OPERATING ENGINEERS'
   | HEALTH AND WELFARE TRUST FUND;
15 |
   | OPERATING ENGINEERS AND PARTICIPATING
16 | EMPLOYERS PRE-APPRENTICE, APPRENTICE
   | AND JOURNEYMEN AFFIRMATIVE ACTION
17 | TRAINING FUND FOR UTAH;
   |
18 | RUSSELL E. BURNS and RICHARD PIOMBO,
   | Trustees;
19 |
   | OPERATING ENGINEERS' VACATION AND
20 | HOLIDAY PAY PLAN; and
   |
21 | OPERATING ENGINEERS LOCAL 3 OF THE
   | INTERNATIONAL UNION OF OPERATING
22 | ENGINEERS, AFL-CIO,
   |
23 |          Plaintiffs,
   |
24 |      v.
   |
25 | WESTERN PIPE COATERS & ENGINEERS INC.,
   | a Utah Corporation,
26 |
   |          Defendant.
27

28

                                          1

**COMPLAINT**
**Case No.**

Parties

1. The Operating Engineers' Health and Welfare Trust Fund for Utah; Operating Engineers Pension Trust Fund (which includes the Pension Plan for the Pension Trust Fund for Operating Engineers, and the Operating Engineers Annuity Plan); Pensioned Operating Engineers' Health and Welfare Trust Fund; Operating Engineers and Participating Employers Pre-apprentice, Apprentice and Journeymen Affirmative Action Training Fund for Utah; and the Operating Engineers' Vacation and Holiday Pay Plan (collectively referred to hereinafter as the "Trust Funds"), are employee benefit plans as defined in the Employee Retirement Income Security Act of 1974 ("ERISA") § 3(3), 29 U.S.C. § 1002(3). The Trust Funds and their fiduciaries are together referred to herein as "ERISA Plaintiffs" or "Plaintiffs." Russell E. Burns and Richard Piombo are fiduciaries and Co-Chairmen of the Joint Boards of Trustees of the ERISA Plaintiffs with authority to act on behalf of all Trustees.

2. Operating Engineers Local Union No. 3 of the International Union of Operating Engineers, AFL-CIO ("Union") is a labor organization as defined in § 2(5) of the National Labor Relations Act ("NLRA"), 29 U.S.C. § 152(5), and is represented by counsel herein for the limited purpose of collecting union dues owing as part of the subject contribution claims of Plaintiffs, and not for any other cause of action. The Union expressly reserves its rights to pursue any other cause of action on its own behalf.

3. Defendant Western Pipe Coaters & Engineers, Inc., a Utah Corporation ("Defendant") is an employer by virtue of ERISA § 3(5), 29 U.S.C. § 1002(5), and NLRA § 2(2), 29 U.S.C. § 152(2).

Jurisdiction

4. Jurisdiction exists in this Court over the claims asserted by ERISA Plaintiffs by virtue of ERISA § 502, 29 U.S.C. § 1132, in that Plaintiffs seek to enforce the provisions of ERISA and the terms of their plans, seek to enjoin the acts and practices which violate ERISA, seek equitable relief to redress such violations, and seek all other appropriate relief under ERISA.

5. Jurisdiction exists in this Court over all the claims by virtue of LMRA § 301, 29 U.S.C. § 185, in that Plaintiffs seek to enforce the terms and conditions of a valid Bargaining Agreement.

6. To the extent jurisdiction over any claim does not exist under ERISA or the LMRA, supplemental jurisdiction exists in this Court over such claims by virtue of 29 U.S.C. § 1367 in that they

arise out of a common nucleus of operative facts that form the basis of the federal claims asserted herein, each of which has a substantial ground in federal jurisdiction.

Venue

7. Venue is conferred upon this Court by ERISA § 502, 29 U.S.C. § 1132. Where an action is brought under ERISA § 502 in a district court of the United States, it may be brought at Plaintiffs' discretion, in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found, and process may be served in any other district where a defendant resides or may be found. ERISA Plaintiffs' Trust Funds are administered in this district at their principal place of business in Alameda, California. Thus, jurisdiction and venue are properly grounded with this Court.

8. Venue exists in this Court with respect to the claims under LMRA § 301(a), 29 U.S.C. § 185, as this Court has jurisdiction over the parties, as the Union maintains its principal place of business in this district, its duly authorized officers or agents are engaged in representing employee members in this district, and the claims arise in this district.

Intradistrict Assignment

9  The basis for assignment of this action to this Court's Oakland Division is that all of the events and omissions giving rise to Plaintiffs' claims occurred in the County of Alameda, where ERISA Plaintiffs' Funds are administered, and where Defendant therefore failed to fulfill its statutory and contractual obligations to Plaintiffs.

Bargaining Agreements

10. Defendant entered into a Memorandum of Agreement and Letter of Understanding ("Memorandum" and "Letter") with the Union, in which Defendant agreed to be bound by the terms of the Utah Master Agreement ("Master Agreement") with the Union. The Memorandum, Letter and Master Agreement are collectively referred to hereinafter as the "Bargaining Agreements." The Bargaining Agreements, which incorporate the terms of the Trust Agreements establishing the Trust Funds ("Trust Agreements"), require Defendant to provide employer contributions to Plaintiffs' Trust Funds, to the Union for union dues, and to the other plans more fully described in the Bargaining Agreements. ERISA Plaintiffs are third-party beneficiaries of the Bargaining Agreements.

11. Under the Bargaining Agreements and Trust Agreements, which are incorporated into the Bargaining Agreements and made binding on Defendant, Defendant is required to regularly pay to ERISA Plaintiffs and the Union, certain sums of money, the amounts of which are determined by the hours worked by Defendant's employees. Contributions are due on the fifteenth (15th) day of the month following the month in which hours were worked, and are considered delinquent if not received by the twenty-fifth (25th) day of that month. Defendant is also required, pursuant to the Bargaining and Trust Agreements, to pay liquidated damages in the amount of ten percent (10%) for each delinquent contribution, but in the amount of twenty percent (20%) for each delinquent contribution which is the subject of litigation. Moreover, the Bargaining and Trust Agreements provide that interest accrues on delinquent contributions at the rates reasonably set by the Trustees from the date they become delinquent, which is the twenty-sixth (26th) day of the month in which payment was due, until paid in full.

12. The Bargaining and Trust Agreements further require Defendant to maintain time records or time cards, and to permit an authorized Trust Fund representative to examine such records of Defendant as is necessary to determine whether Defendant has made full payment of all sums owed to ERISA Plaintiffs. Should an audit of Defendant's records reveal Defendant has failed to provide full and prompt payment of all sums due to Plaintiffs, Defendant must reimburse Plaintiffs for the amounts due, including audit fees, in addition to any other obligations pursuant to the Bargaining and Trust Agreements.

Factual Allegations

13. Defendant has failed and refused to pay amounts found due to Plaintiffs as a result of an audit of Defendant's payroll records for the period from January 1, 2013 through December 31, 2014. Defendant has also failed and refused to pay contributions reported by it as due for work performed by its employees for the periods from March 2015 through April 2015 and June 2015 through July 2015. Defendant has also failed and refused to submit contribution reports, and any payment due, for work performed by its employees during August 2015. Liquidated damages and interest have been incurred and are owed to Plaintiffs for the unpaid contributions for these periods, as well as for prior late paid contributions for the month of May 2015.

4

**COMPLAINT**
**Case No.**

14. Plaintiffs are entitled to recover any and all other contributions, and all liquidated damages and interest on delinquent contributions not specified above, found due on timecards, further audit, or otherwise, including estimated contributions for any additional months Defendant fails to report to Plaintiffs, through the time of Judgment. Plaintiffs reserve the right to conduct a further audit to determine whether there are any additional amounts due from Defendant.

**FIRST CAUSE OF ACTION**
**For Payment of Delinquent Contributions, Interest, Liquidated Damages,**
**Attorneys' Fees and Costs Against Defendant**

15. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 14, above.

16. Defendant has a contractual duty to timely pay the required contributions to Plaintiffs, and to timely pay dues to the Union, pursuant to the Bargaining Agreements and Trust Agreements. Defendant also has a contractual duty under the Bargaining Agreements and Trust Agreements to permit an audit of their records to determine whether they are making full and prompt payment of all sums required to be paid by them to Plaintiffs, and to pay Plaintiffs all amounts found due as a result of an audit, including audit fees.

17. In addition, Defendant has a statutory duty to timely make the required payments to Plaintiffs under ERISA § 515, 29 U.S.C. § 1145, and LMRA § 301(a).

18. By failing to make the required payments to Plaintiffs, Defendant breached the Bargaining and Trust Agreements and is in violation of ERISA § 515, 29 U.S.C. § 1145, and LMRA § 301(a).

19. Defendant's failure and refusal to pay the required contributions was at all times, and still is, willful. Defendant continues to breach the Bargaining Agreements, and incorporated Trust Agreements, by failing to pay all amounts owed as alleged. Said refusal is unjustified and done with knowledge and intent.

20. ERISA Plaintiffs are without an adequate remedy at law and will suffer continuing and irreparable injury, loss and damage unless Defendant is ordered specifically to perform all obligations required on Defendant's part to be performed under ERISA, 29 U.S.C. §§ 1101-1381, the LMRA, 29 U.S.C. §§ 141-197, and the Bargaining and Trust Agreements, and is restrained from continuing to refuse to perform as required thereunder.

21.   This Court is authorized to issue injunctive relief based on the traditional standard. As set forth above, ERISA Plaintiffs have a strong likelihood of success on the merits. There is the possibility that ERISA Plaintiffs' Trust Funds and their participants will suffer irreparable injuries. The balance of hardships and advancement of public interest favor ERISA Plaintiffs.

22.   This Complaint does not in any manner relate to statutory withdrawal liability that may or may not be assessed against Defendant. ERISA Plaintiffs expressly reserve the right to pursue any such withdrawal liability claims against Defendant as provided by ERISA Plaintiffs' Plan Documents, Trust Agreements, and the law.

<u>Prayer</u>

WHEREFORE, Plaintiffs pray as follows:

1.   For a judgment against Defendant as follows:

(a)   Any unpaid contributions, due at time of Judgment, including those specified above as well as any other contributions determined as due by further audit, timecards, or otherwise, including estimated contributions for any months Defendant fails to report to Plaintiffs, pursuant to ERISA § 502(g)(2)(A), 29 U.S.C. § 1132(g)(2)(A);

   i.   To ERISA Plaintiffs in accordance with ERISA § 502(g)(2)(A), 29 U.S.C. § 1132(g)(2)(A) and the Bargaining Agreements;

   ii.   To the Union in accordance with the Bargaining Agreements.

(b)   Liquidated damages on all late-paid and unpaid contributions in an amount provided for under the Bargaining and Trust Agreements, and with respect to ERISA Plaintiffs, ERISA § 502(g)(2)(c), 29 U.S.C. § 1132(g)(2)(c).

(c)   Interest on all late-paid and unpaid contributions at the rates set in accordance with the Bargaining Agreements, the Trust Agreements, and ERISA § 502(g)(2)(B), 29 U.S.C. § 1132(g)(2)(B).

2.   Plaintiffs' reasonable attorneys' fees and costs of this action, including any audit fees, in accordance with ERISA § 502(g)(2)(D) and (E), 29 U.S.C. § 1132(g)(2)(D) and (E); and with LMRA § 301, 29 U.S.C. § 185, for all Plaintiffs.

3.   For an order,

    (a) requiring that Defendant comply with its obligations to Plaintiffs under the terms of the Bargaining Agreements and the Trust Agreements;

    (b) enjoining Defendant from violating the terms of those documents and of ERISA; and

    (c) enjoining Defendant from disposing of any assets until said terms have been complied with, and from continuation or operation of Defendant's business until said terms have been complied with.

  4. That the Court retain jurisdiction of this case pending compliance with its orders.

  5. For such other and further relief as the Court may deem just and proper.

DATED: October 6, 2015        SALTZMAN & JOHNSON LAW CORPORATION

               By:    /S/
                  Erica J. Russell
                  Attorneys for Operating Engineers' Health And
                  Welfare Trust Fund for Utah, et al.